IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE UNIVERSITY OF TEXAS SYSTEM, AND THE UNIVERSITY OF HOUSTON SYSTEM, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-02588 |
| ALLIANTGROUP, LP, AND WHRA MERGER SUB, II, INC. AGENT OF WHR ARCHITECTS, INC., | § § § § | |
| *Defendants*. | § § § | |

**DEFENDANT WHRA MERGER SUB, II, INC.'S MOTION TO DISMISS
THE AMENDED COMPLAINT WITH PREJUDICE**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................... ii

PROCEDURAL HISTORY ...................................................................... 1

INTRODUCTION .................................................................................... 2

I.      FACTUAL AND LEGAL BACKGROUND ................................... 5

     A.      The Parties ......................................................................... 5

     B.      Section 179D ..................................................................... 6

     C.      Plaintiffs' Claims .............................................................. 7

     D.      Plaintiffs' History with § 179D ....................................... 8

II.      LEGAL STANDARD ................................................................... 9

III.      ARGUMENTS AND AUTHORITIES ........................................ 10

     A.      Plaintiffs' Declaratory Judgment Claim Should be Dismissed .......... 10

          1.      Plaintiffs' Requests Relating to § 447.004(b-3)—An Unambiguous Statute—Seek Nothing More Than an Advisory Opinion to Avoid Application of the Law to the Facts. ........................................ 10

          2.      Plaintiffs Cannot Obtain Declaratory Relief that Alters the Meaning of or Invalidates Texas Law. ............................... 11

          3.      Section 447.004(b-3) Is Not Preempted by Federal Law. ....... 13

          4.      Plaintiffs' Remaining Requests Erroneously Seek a Determination of Federal Tax Law. .......................... 15

     B.      Plaintiffs' Unjust Enrichment Claim Should be Dismissed. .............. 17

IV.      CONCLUSION ........................................................................... 20

6462803v3

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Am. Mining Congress v. Mine Safety & Health Admin.*,
   995 F.2d 1106 (D.C. Cir. 1993)..........................................................14

*Amoco Prod. Co. v. Smith*,
   946 S.W.2d 162 (Tex. App.—El Paso 1997, no writ.)........................18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................9, 10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................9, 10

*Bolen v. Bd. of Firemen, Policemen & Fire Alarm Operators'*
   *Trustees*,
   308 S.W.2d 904 (Tex. Civ. App.—San Antonio 1957, writ ref'd) ...................13

*Brooks v. Snow*,
   313 F. Supp. 2d 654 (S.D. Tex. 2004)..............................................16

*Brown & Root, Inc. v. Big Rock Corp.*,
   383 F.2d 662, 666 (5th Cir. 1967) ....................................................11

*Burlington N. R. Co. v. Sw. Elec. Power Co.*,
   925 S.W.2d 92 (Tex. App.—Texarkana 1996), *aff'd*, 966 S.W.2d
   467 (Tex. 1998)..............................................................................19

*Christian Coalition of Fla., Inc. v. United States*,
   662 F.3d 1182 (11th Cir. 2011) ........................................................12

*Collin Cty., Tex. v. Homeowners' Ass'n for Values Essential to*
   *Neighborhoods*,
   915 F.2d 167 (5th Cir. 1990) ...........................................................16

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006)........................................................................17

*Hellmuth, Obata & Kassabaum, L.P. v. Efficiency Energy, LLC* .
  No. H-14-2945, 2016 WL 164112 (S.D. Tex. Jan. 14, 2016) ..........................8, 9

*Hellmuth, Obata & Kassabaum, L.P. v. Efficiency Energy, LLC* .
  No. 14-cv-2945, 2016 WL 642352 (S.D. Tex. Feb. 18, 2016)........................4, 8

*Indopco, Inc. v. Comm'r*,
  503 U.S. 79 (1992) ...........................................................................................14

*Lewis v. Casey*,
  518 U.S. 343 (1996)..........................................................................................16

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)..........................................................................................17

*McGowan & Co. v. Bogan*,
  93 F. Supp. 3d 624 (S.D. Tex. 2015) ................................................................17

*Nat'l Family Planning & Reproductive Health Assoc. v. Sullivan*,
  979 F.2d 227 (D.C. Cir. 1992) ..........................................................................14

*Orix Credit Alliance, Inc. v. Wolfe*,
  212 F.3d 891 (5th Cir. 2000) .............................................................................11

*Oxford Fin. Cos., Inc. v. Velez*,
  807 S.W.2d 460 (Tex. App.—Austin 1991, writ denied)...................................18

*Pope v. Garrett*,
  211 S.W.2d 559 (Tex. 1948) .............................................................................18

*Randall v. Loftsgaarden*,
  478 U.S. 647 (1986)..........................................................................................19

*Remington v. United States*,
  210 F.3d 281 (5th Cir. 2000) .............................................................................15

*Villas at Parkside Partners v. City of Farmers Branch*,
  577 F. Supp. 2d 880 (N.D. Tex. 2008) ..............................................................10

*Warren v. United States.*,
  874 F.2d 280 (5th Cir. 1989) .............................................................................16

**Statutes**

26 U.S.C. § 115(1) (2011) ..................................................................6

26 U.S.C. § 179D (2011 & Supp. 2017)........................................*passim*

28 U.S.C.A. § 2201(a) (2006)............................................................16

31 U.S.C. § 3729(d) (2003 & Supp. 2017) ........................................16

Energy Policy Act of 2005,
   Pub. L. No. 109-58, 119 Stat. 594 (Aug. 8, 2005)....................3, 6, 12

TEX. GOV'T CODE § 447.004 (2012 & Supp. 2017) ......................*passim*

**Other Authorities**

FED. R. CIV. P. 12(b)(6)..............................................................5, 9

4 John N. Pomeroy, A Treatise on Equity Jurisdiction, § 1044, at 95
   (Spencer W. Symons, ed., 5th ed.) ....................................................18

54 Am. Jur. § 219......................................................................18

Letter from Lourdes Castro Ramirez, Principal Deputy Assistance
   Secretary for Public and Indian Housing, to Executive Director,
   HUD (Oct. 21, 2016), *available at*
   https://www.hud.gov/sites/documents/PDASMEMO.PDF.................9

Notice 2008-40 (IRS NOT), 2008-14 I.R.B. 725,
   2008 WL 642559, at § 3.03 (Apr. 7, 2008) ........................................7

Restatement of Restitution, § 160, cmts. (c) and (d) (1936)) .................18

Rep. Charles Boustany, Jr., Ways and Means Committee, Is Energy
   Tax Deduction Being "Sold" to Line Government Slush Funds?
   (May 3, 2012), *available at*
   https://waysandmeans.house.gov/boustany-questions-gsa-
   kickback-policy ("May 3, 2012 Rep. Boustany Press Release") ...................4, 9

Roscoe Pound, *The Progress of Law, 1918-1919 Equity*, 33 Harv. L.
   Rev. 420 (1920) ....................................................................18

TEX. CONST. art. III ..............................................................11, 12, 13, 16

## PROCEDURAL HISTORY

Defendant WHRA MERGER SUB II, INC f/k/a WHR ARCHITECTS, INC. ("WHR") is moving to dismiss Plaintiffs' First Amended Complaint ("Amended Complaint") with prejudice.[1]

Section 179D of the Internal Revenue Code allows for a tax deduction for property owners who invest in energy-efficient construction, and further allows for the allocation of that deduction to a design professional when the property owner is a government entity that cannot benefit from the tax deduction.  Plaintiffs are The University of Texas System ("UT System") and The University of Houston System ("UH System"), both government entities.  The Amended Complaint recites that Plaintiffs allocated § 179D deductions to WHR in 2013.  Am. Compl. ¶¶ 7, 79, 82(f)-(h), (j)-(l), 85 (Dec. 14, 2017), ECF No 31.  Over four years later, Plaintiffs initiated this action, claiming that WHR should have paid some or all of its tax benefit to Plaintiffs, and contending that Defendant Alliantgroup, LP ("Alliantgroup"), WHR's tax consultant, somehow misled Plaintiffs into allocating the § 179D deductions to WHR.

---

[1] Because the Amended Complaint superseded the Complaint addressed in WHR's first Motion to Dismiss, WHR is now moving to dismiss the Amended Complaint rather than reply to Plaintiffs' opposition to the Motion to Dismiss.  Considerable overlap remains between the original Complaint and the Amended Complaint.  Recognizing that the Court would have little reason to review motion papers in connection with a now-outdated Complaint, WHR is restating much of the analysis set out in its original Motion to Dismiss, appropriately tailored to the Amended Complaint.

Plaintiffs filed their original Complaint on August 23, 2017, alleging three claims under the Racketeer Influenced and Corrupt Practices Act ("RICO"), and claims for declaratory judgment, fraud, and unjust enrichment.   Defendants Alliantgroup and WHR filed Motions to Dismiss Plaintiffs' Complaint on November 8, 2017.   ECF Nos. 20, 22.   Defendants demonstrated that the original Complaint failed to plead the elements of RICO, did not plead fraud with particularity, did not set out a justiciable claim for declaratory judgment, and failed to plead a cognizable claim for unjust enrichment.   One day before their opposition to the motions was due, Plaintiffs sought consent to amend their Complaint; Defendants agreed.

The next day, December 14, 2017, Plaintiffs simultaneously filed their Amended Complaint and a consolidated opposition to Defendants' motions.   Dkt. No. 32.   To the extent Plaintiffs attempted, in the Amended Complaint, to remedy the gaps in their claims, for the reasons set forth below, Plaintiffs have failed again, and should not be given a third shot.

## **INTRODUCTION**

Through this suit, Plaintiffs seek to extract monetary benefits from a tax deduction that is unavailable to them.   To accomplish this, Plaintiffs cobble together four claims—including an incoherent RICO claim against Alliantgroup with nine alternative enterprises—that are rife with fatal defects.   Indeed, Plaintiffs

do not, and cannot, even allege they were harmed by Alliantgroup's or WHR's actions. At bottom, Plaintiffs' theories are nothing more than an attempted end run around the unambiguous language of a Texas statute that requires the complained-of deduction allocation, and the deal they struck with WHR. All of Plaintiffs' claims should be dismissed with prejudice. TEX. GOV'T CODE § 447.004(b-3) states that a "governmental entity may not disallow the allocation of federal deductions to eligible design professionals authorized by the Energy Policy Act of 2005." TEX. GOV'T CODE § 447.004(b-3) (2012 & Supp. 2017). This provision refers to the tax deduction available under Internal Revenue Code § 179D. Key to the Amended Complaint is Plaintiffs' prayer, in Count Two, that this Court find that § 447.004(b-3) does not mean what it says. Am. Compl. ¶ 82.

Plaintiffs do not dispute that WHR was an eligible design professional for purposes of § 179D and § 447.004(b-3), but contend instead that WHR should have paid Plaintiffs some or all of the tax benefit that WHR obtained under § 179D. Plaintiffs contend, without support, that this Court should accept that § 179D somehow authorizes such a payment, claiming that otherwise "there is no incentive for the governmental property owner to make the energy efficiency investments." Am. Compl. ¶ 5. Plaintiffs overlook that Texas law requires all new construction undertaken by government entities to meet the same energy-efficient standards as § 179D. *See, e.g.*, TEX. GOV'T CODE § 447.004(a).

3

As government entities, Plaintiffs cannot use the § 179D deduction, nor should they be permitted to require a payment for others to do so. *See* Press Release, Rep. Charles Boustany, Jr., Ways and Means Committee, Is Energy Tax Deduction Being "Sold" to Line Government Slush Funds? (May 3, 2012), *available at* https://waysandmeans.house.gov/boustany-questions-gsa-kickback-policy ("Requiring a cash payment for a tax deduction is a kickback, pure and simple.") ("May 3, 2012 Rep. Boustany Press Release").

Plaintiffs are not strangers to § 179D allocations. Their prior involvement with the statutory scheme is well-documented in *Hellmuth, Obata & Kassabaum, L.P. v. Efficiency Energy, LLC* ("*HOK*"). No. 14-cv-2945, 2016 WL 642352 (S.D. Tex. Feb. 18, 2016). Plaintiffs are represented here by the same counsel as the defendant in *HOK*. The *HOK* defendant, which claimed to be a § 179D expert, counter-claimed for defamation based on the plaintiff's statement that a request that part of a Section 179D deduction be paid over to UT Austin was in effect seeking a kickback. That claim failed as a matter of law. And this action appears to be nothing more than a repackaging of the meritless arguments made there, based on events that took place years after the events in *HOK*.

The Amended Complaint alleges four claims against Alliantgroup, but only two against WHR.[2]   Count 2 seeks declaratory judgements against WHR and Alliantgroup that this Court simply cannot grant.   Count 4 alleges unjust enrichment and seeks payment of the financial benefits received by Defendants – the same tax benefits that Plaintiffs cannot directly receive themselves.   Am. Compl. ¶ 87.  Accordingly, the claims against WHR should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.  FACTUAL AND LEGAL BACKGROUND

### A.  The Parties

Plaintiffs, the UT System and the UH System, manage educational institutions.  *See* Am. Compl. ¶¶ 8-9.

Defendant Alliantgroup is a Texas limited partnership based in Houston that provides clients with federal and state tax consulting services, including with respect to claiming tax credits and deductions.  *See id.* ¶ 10.

Defendant WHR is a Texas corporation based in Houston that created energy-efficient technical specifications for several recently constructed properties in UT System and the UH System.  *See id.* ¶ 11, 27–33.  Working with Plaintiffs, Alliantgroup helped WHR obtain tax benefits under § 179D for the services that WHR provided at these properties.  *See id.* ¶ 34.

---

[2] Plaintiffs assert RICO and fraud claims solely against Alliantgroup.  Am. Compl. ¶¶ 66–79, 83–85.

B.     **Section 179D**

Section 179D sits at the center of this case.  The provision allows an owner of an "Energy Efficient Commercial Building Property" ("EECBP") to claim a federal tax deduction in "an amount equal to the cost of [EECBP] placed in service during the taxable year."  26 U.S.C. § 179D(a) (2011 & Supp. 2017).  Section 179D was enacted as part of the Energy Policy Act of 2005.  *See* Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594 (Aug. 8, 2005).

Government entities like Plaintiffs are not subject to federal taxation and, as a result, cannot utilize a § 179D deduction.  *See* 26 U.S.C. § 115(1) (2011). Instead, under § 179D(d)(4), government entities that own EECBP may allocate the deduction to "the person primarily responsible for designing the property," who may claim the deduction "in lieu of the owner of such property."  *Id.* at § 179D(d)(4).  After this provision took effect, the Texas legislature enacted Texas Government Code § 447.004(b-3), which states in relevant part that "[a] governmental entity may not disallow the allocation of federal deductions to eligible design professionals authorized by the Energy Policy Act of 2005."  TEX. GOV'T CODE § 447.004(b-3).  That same part of the Texas Government Code provides that all new construction funded by Texas higher-education must comply with stringent energy-efficiency requirements.  *See, e.g.*, TEX. GOV'T CODE § 447.004.

6

The IRS has published guidance on what it will accept from taxpayers who claim a § 179D deduction.  IRS Notice 2008-40 states that the allocation form must be in writing, contain contact information for both the governmental entity and the designer, and be signed under penalties of perjury.  *See* Notice 2008-40 (IRS NOT), 2008-14 I.R.B. 725, 2008 WL 642559, at § 3.03 (Apr. 7, 2008).  IRS Notice 2008-40 also explains that the allocation form need not be filed with the IRS and instead should be kept by the designer if ever needed to substantiate the deduction in connection with an audit.  *Id.* § 3.05.

## C.    Plaintiffs' Claims

The Amended Complaint now alleges four claims against Alliantgroup (as opposed to six, originally), and only two against WHR.  Count 2 seeks fifteen declaratory judgments, requesting, in essence, that this Court find that Texas Government Code § 447.004(b-3) did not require Plaintiffs to allocate their § 179D deductions, and/or violates the Texas Constitution, and/or is preempted by federal law, and also that the Allocation Forms are void.  Am. Compl. ¶¶ 80–82.  Count 4 alleges unjust enrichment and seeks payment of "all the benefits [Defendants] received by use of the void Allocation Forms"—the same tax deduction that Plaintiffs cannot receive themselves.  *Id.* ¶¶ 86–87.

### D.    Plaintiffs' History with § 179D

Plaintiffs are not new to § 179D.  *See Hellmuth, Obata & Kassabaum, L.P. v. Efficiency Energy, LLC* ("*HOK*"), No. 14-cv-2945, 2016 WL 642352 (S.D. Tex. Feb. 18, 2016).  In 2011—at least two years before any of the allegedly fraudulent communications in the Amended Complaint—Plaintiffs retained William Volker as an expert to help advise them on the allocation of § 179D deductions, including by identifying qualifying buildings, negotiating with the designer, and procuring payments for allocation.  *See id* at *1–2.  In connection with their work for UT System, Volker and his company were sued by a designer other than WHR.  *See id* at * 2.[3]  Like Alliantgroup did here for WHR, the *HOK* plaintiff requested an allocation form for a UT System property.  *Id.*  On UT System's behalf, Volker then sought to extract a payment in exchange for the allocation—exactly what Plaintiffs claim should have happened here.[4] *See id.*  The *HOK* plaintiff accused Volker of seeking a kickback, and the *HOK* court held that this accusation was not defamatory.  *See HOK*, 2016 WL 642352, at *4 (Feb. 18, 2016).

Volker's designated expert in the *HOK* matter, Engineered Tax Services, has itself publicly stated that any such payments would likely be construed as "illegal"

---

[3] The *HOK* case specifically involved UT Austin, which is part of the UT System.  *HOK*, 2016 WL 164112 at *1 (Jan. 14, 2016).

[4] The *HOK* Court ultimately held that the proper parties for the dispute before it were the plaintiff and UT, not Volker.  *HOK*, 2016 WL 164112 at *4 (Jan. 14, 2016).

and a "kickback" by the IRS, and that sharing § 179D deductions with government entities is "nothing short of risky." Ex. A.[5]  The Department of Housing and Urban Development has similarly decried the practice.  *See* Letter from Lourdes Castro Ramirez, Principal Deputy Assistance Secretary for Public and Indian Housing, to Executive Director, HUD (Oct. 21, 2016), *available at* https://www.hud.gov/sites/documents/PDASMEMO.PDF, ("The allocation letters were not meant to serve as an opportunity for a state or local government official to engage in the practice of seeking any benefit as a condition of issuing an allocation letter.  This approach runs counter to the intent of the Section 179D provision . . . .").  Members of Congress have spoken out against such payments as well. *See* May 3, 2012 Rep. Boustany Press Release, *supra*.  Undeterred, however, Plaintiffs ask this Court to endorse the practice in this suit.

## II.      LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege non-conclusory facts that "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint

---

[5] Notably, Plaintiffs' attorney here also represented Volker and Efficiency Energy in *HOK* and designated Engineered Tax Services as Volker's expert in that case.  *HOK*, 2016 WL 164112 at *9 (Jan. 14, 2016).

suffice if it tenders 'naked assertion[s],' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

### III.    ARGUMENTS AND AUTHORITIES

**A.    Plaintiffs' Declaratory Judgment Claim Should be Dismissed.**

Plaintiffs' declaratory judgment claim should be dismissed.   Plaintiffs request fifteen separate declaratory judgments that fall into one of three groups: first, they ask that this Court find that an unambiguous statute does not mean what it says, or that it should be invalidated; second, they ask that this Court find that the same statute is preempted by federal tax law; and third, they ask that this Court void the Allocation Forms for purported non-compliance with the requirements of the IRS.  None of these requests is proper before this Court.

> **1.    Plaintiffs' Requests Relating to § 447.004(b-3)—An Unambiguous Statute—Seek Nothing More Than an Advisory Opinion to Avoid Application of the Law to the Facts.**

Plaintiffs are seeking these declaratory judgments on § 179D and the meaning, constitutionality, and alleged preemption of § 447.004(b-3) in the abstract  in an attempt to obviate the Court's application of the law to the facts in this case.  Indeed, one demand in the Amended Complaint is simply that this Court provide an advisory opinion, interpreting § 179D and the "IRS Notices and Memoranda" to hold that an allocation "is permissive, not mandatory."  Am. Compl. ¶ 82(m).  To do so, however, would be outside this Court's jurisdiction, and would turn the litigation process on its head.  *Villas at Parkside Partners v.*

*City of Farmers Branch*, 577 F. Supp. 2d 880, 883 (N.D. Tex. 2008) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895, 898 (5th Cir. 2000); *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 666 (5th Cir. 1967) (finding that it is not the function of district courts "to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass")).

    **2.    Plaintiffs Cannot Obtain Declaratory Relief that Alters the Meaning of or Invalidates Texas Law.**

Plaintiffs seek the following as declaratory judgments concerning Texas law:

- "Article III, Sections 44, 51 and 52 of the Texas Constitution prohibit Plaintiffs from making a grant of public funds, property or contract rights to any individuals, associations or corporations without a corresponding receipt of adequate compensation."  Am. Compl. ¶ 82(a).

- "Tex. Gov. Code 447.004(b-3) does not require the State of Texas or any of its agencies, including public universities, to allocate Section 179D deductions to any private entity."  Am. Compl. ¶ 82(b).

- "Tex. Gov. Code 447.004(b-3) does not require the State of Texas or any of its agencies, including public universities, to allocate Section 179D deductions to any private entity unless it receives adequate compensation in return."  Am. Compl. ¶ 82(c).

- "Tex. Gov. Code 447.004(b-3), to the extent it mandates the allocation of Section 179D deductions by the State of Texas or any of its agencies, including public universities, without adequate compensation in return, is unconstitutional in violation of Art. III, Sections 44, 51 and 52 of the Texas Constitution."  Am. Compl. ¶ 82(d).

Attempting to bootstrap from these four requests, Plaintiffs also include three requests for declaratory relief to ask that this Court declare the three Allocation Forms "*void ab initio* because of a lack of adequate compensation" paid to either the UH System or the UT System.  Am. Compl. ¶¶ 82(f), (g), (h).

In sum, Plaintiffs ask this Court either to hold that § 447.004(b-3) does not mean what it says, or is in violation of the Texas Constitution.

Plaintiffs cannot obtain an order invalidating an unambiguous statute. *Christian Coalition of Fla., Inc. v. United States*, 662 F.3d 1182, 1193 (11th Cir. 2011) (rejecting requests for declaratory relief, finding that "[w]hen the language of a statute is unambiguous, we are bound to give it its plain meaning") (internal quotation marks and citation omitted).  As noted, § 447.004(b-3) states:  "A governmental entity may not disallow the allocation of federal deductions to eligible design professionals authorized by the Energy Policy Act of 2005."  TEX. GOV'T CODE § 447.004(b-3).  Section 447.004(b-3) explicitly mentions the Act that includes § 179D and, like the Internal Revenue Code, references design professionals.  *See id*.

Plaintiffs also cannot prevail on their claim that § 447.004(b-3) is unconstitutional under Texas law.  Plaintiffs contend that § 447.004(b-3), by requiring the § 179D allocation "without adequate compensation in return, violates Art. III, Sections 44, 51 and 52 of the Texas Constitution" to the extent that those

12

sections prohibit "a grant of public funds, property or contract rights . . . without a corresponding receipt of adequate compensation."  Am. Compl. ¶¶82(a), (d).  But those sections of Article III of the Texas Constitution simply do not apply to Plaintiffs, who are not the legislature, political corporation, or political subdivision of the State for purposes of these provisions.  *See, e.g.*, *Bolen v. Bd. of Firemen, Policemen & Fire Alarm Operators' Trustees*, 308 S.W.2d 904, 905 (Tex. Civ. App.—San Antonio 1957, writ ref'd).  Indeed, if these constitutional provisions somehow did constrain educational institutions as Plaintiffs claim, it would also prohibit scholarships, which is not and cannot be right.

Finally, it is hard to see how Plaintiffs go from a contention that they were somehow required and failed to obtain compensation for making a § 179D allocation to the conclusion that this Court should void the Allocation Forms.  It would seem that if Plaintiffs had a duty to obtain compensation, it is on them that they failed to do so.  If they were able to show that they were not adequately compensated by some wrongdoing on someone else's part (which WHR denies), then the remedy, if anything, would be money damages.

### 3.    Section 447.004(b-3) Is Not Preempted by Federal Law.

Plaintiffs next ask for declaratory judgment that:

> "Texas Government Code § 447.004(b-3), to the extent it requires governmental entities to allocate § 179D deductions, is preempted by 26 U.S.C. § 179D, and IRS Notices and Memoranda regarding § 179D."  Am. Compl. ¶ 82(e).

13

Further down on its list of declaratory demands, Plaintiffs relatedly ask the Court to find:

> "26 U.S.C. § 179D, and the IRS Notices and Memoranda regarding § 179D, mandate that the allocation of § 179D deductions by governmental entities is permissive and not mandatory."  Am. Compl. ¶ 82(m).

Looking first to the language of the statute, § 179D does not itself provide that an allocation is either mandatory or permissive.  Moreover, all tax deductions are permissive, as they are the option of and subject to substantiation by the taxpayer.  *See* 26 U.S.C. § 179D(d)(4); *see also Indopco, Inc. v. Comm'r*, 503 U.S. 79, 82, 84 (1992).

The reference to IRS "Notices and Memoranda" must be IRS Notice 2008-40 because the Amended Complaint fails to mention any other IRS publication. An IRS notice is not, however, a statute or a regulation, nor does it have the force of law.  As such, it cannot preempt state law.  *See, e.g.*, *Am. Mining Congress v. Mine Safety & Health Admin.*, 995 F.2d 1106, 1109–1113 (D.C. Cir. 1993); *Nat'l Family Planning & Reproductive Health Assoc. v. Sullivan*, 979 F.2d 227, 234–38, 241 (D.C. Cir. 1992).

Finally, there is no conflict between IRS Notice 2008-40 and § 447.004(b-3).  In making clear that governmental entities nationwide have a right to allocate § 179D deductions, IRS Notice 2008-40 does not preclude individual state legislatures from deciding that, within their jurisdiction, that right should always be

14

exercised.  *See Remington v. United States*, 210 F.3d 281, 284 (5th Cir. 2000) (rejecting preemption argument where "compliance with both" federal and state law was not "impossible").

### 4.     Plaintiffs' Remaining Requests Erroneously Seek a Determination of Federal Tax Law.

Count Two includes three requests for declaratory judgment that ask the Court to find that "[t]he university employees who executed the Allocation Forms to WHR did not have actual authority to execute those forms" (Am. Compl. ¶ 82(i)), and then asks that the Allocation Forms be declared *void ab initio* because the employee signing on behalf of the particular Plaintiff did not have actual authority.  Am. Compl. ¶¶ 82(j), (k), (l).  Plaintiffs also ask this Court to declare:

- "The Allocation Forms presented by Defendants to Plaintiffs failed to state the amount of § 179D deductions, in violation of Section 179D and I.R.S. Notice 2008-40."  Am. Compl. ¶ 82(n).

- "The Allocation Forms presented by Defendants to Plaintiffs failed to set forth facts which were 'true, correct, and complete' in violation of Section 179D and I.R.S. Notice 2008-40."  Am. Compl. ¶ 82(o).

These allegations are relevant, if at all, to whether the IRS should allow any deduction that may have been taken by WHR.  A declaratory judgment by this Court invalidating the Allocation Forms would have no impact on the merits of Plaintiffs' other causes of action and would only have the effect of disallowing the deductions taken by WHR on its federal income tax returns—something exclusively within the purview of the IRS.

15

Section 2201 of Title 18 excepts controversies "with respect to Federal taxes" from the grant of jurisdiction to the federal courts to enter declaratory judgments.  28 U.S.C.A. § 2201(a) (2006).  This prohibition on declaratory judgments "with respect to Federal taxes" is intended to be given broad effect.  *See Warren v. United States.*, 874 F.2d 280, 282 (5th Cir. 1989).  As a result, it would be improper for this Court to opine upon the validity of the § 179D Allocation Forms at issue.  *See Brooks v. Snow*, 313 F. Supp. 2d 654, 660 (S.D. Tex. 2004).

The application of tax law to a determination of a tax liability cannot be determined by this Court in a civil dispute between private parties.  Any contrary rule would invite private plaintiffs to enforce the Nation's tax laws—a radical shift that Congress has squarely rejected.  *See, e.g.*, 31 U.S.C. § 3729(d) (2003 & Supp. 2017) (exempting tax laws from private *qui tam* enforcement through False Claims Act).

Finally, Plaintiffs lack standing to pursue declaratory relief to invalidate the Allocation Forms.   The Declaratory Judgment Act extends only to "actual controvers[ies] within [the Court's] jurisdiction," 28 U.S.C. § 2201(a), a limitation that expressly "recognizes that the case or controversy requirement of Art. III of the Constitution applies in the declaratory judgment context," *Collin Cty., Tex. v. Homeowners' Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990).  Standing, moreover, "is not dispensed in gross." *Lewis v. Casey*,

16

518 U.S. 343, 358 n.6 (1996).  Instead, a plaintiff "must demonstrate standing for each claim he seeks to press . . . [and] for each form of relief sought." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  The "irreducible constitutional minimum" that a plaintiff must show to demonstrate standing is an "injury in fact" caused by the defendant's actions, and which is "likely" to be "redressed by a favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Neither Plaintiffs nor Defendants have suffered any injury that involves the validity of the § 179D Allocation Forms, and no judicial resolution of that issue could possibly affect any of the parties' liability with respect to the other parties to this case.  If the forms are invalid, as Plaintiffs allege, then WHR will owe more taxes to the IRS.  But that liability has nothing to do with this case, and cannot provide standing for Plaintiffs to seek declaratory relief.

**B.     Plaintiffs' Unjust Enrichment Claim Should be Dismissed.**

Finally, the Court should also dismiss Plaintiffs' unjust enrichment claim. This common-law claim is, again, governed by Texas law.  *See McGowan & Co. v. Bogan*, 93 F. Supp. 3d 624, 657 (S.D. Tex. 2015).  The claim contends that, because the WHR § 179D Allocation Forms at issue are "*void ab initio*," Plaintiffs are "entitled to receive from Defendants all benefits they received," which Plaintiffs allege exceeds $1.6 million.  Am. Compl. ¶ 87.

17

By its very terms, this claim is premised on Plaintiffs winning a declaratory judgment that the § 179D Allocation Forms are void from inception.  As discussed above, however, whether the Allocation Forms are proper is a tax matter that falls exclusively within the IRS's province.  Because it is outside this Court's purview to determine that the forms are invalid, Plaintiffs' unjust enrichment claim cannot stand.

Even if the Allocation Forms were invalid, that would not entitle Plaintiffs to "[t]he financial benefits received by Defendants."  Am. Compl. ¶ 87.  Under Texas law, unjust enrichment is not a distinct independent cause of action but simply a theory of recovery.  *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ.); *Oxford Fin. Cos., Inc. v. Velez*, 807 S.W.2d 460, 465 (Tex. App.—Austin 1991, writ denied).  It is black letter law that a claim of unjust enrichment can, at most, warrant "restitution of a received benefit" to a plaintiff.  *See, e.g., Pope v. Garrett*, 211 S.W.2d 559, 562 (Tex. 1948) (citing Roscoe Pound, *The Progress of Law, 1918-1919 Equity*, 33 Harv. L. Rev. 420, 420–21 (1920); 4 John N. Pomeroy, A Treatise on Equity Jurisdiction, § 1044, at 95 (Spencer W. Symons, ed., 5th ed.); 54 Am. Jur. § 219, at 169; Restatement of Restitution, § 160, cmts. (c) and (d) (1936)).  And "[t]he purpose of restitution is to place an aggrieved plaintiff in the position he occupied prior to his dealings with the defendant"—not to grant the plaintiff a benefit that he never could have otherwise received.

18

*Burlington N. R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd*, 966 S.W.2d 467 (Tex. 1998).

Here, if WHR was unable to properly claim a § 179D deduction, that would result in WHR owing additional income tax—nothing more.  Indeed, the amount of that deduction would have been computed based on WHR's own particular tax circumstances, allowed or disallowed by the IRS, and would have zero value to another taxpayer, let alone Plaintiffs, who are not subject to income tax.  *See, e.g.*, *Randall v. Loftsgaarden*, 478 U.S. 647, 656–57 (1986) ("[T]ax deductions . . . have no value in themselves; the economic benefit to the investor . . . arises because the investor may offset tax deductions against income received from other sources.").

If Plaintiffs are correct, the IRS (and only the IRS) could determine that the Allocation Forms do not substantiate WHR's deduction; in that case, there is no "unjust enrichment" to be recovered by anyone because there would be no tax benefit.  If Plaintiffs are incorrect and the Allocation Forms are proper, then Plaintiffs' attempt to "recover . . . from Defendants all the benefit they received by use of the void Allocation Forms" fails on its face.  *See* Am. Compl. ¶ 87.  In either case, Plaintiffs, who do not pay federal taxes, indisputably cannot have utilized the deduction themselves, and cannot support a claim that they should receive a windfall now based on their theory of WHR's tax position.

19

## IV.    <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED Defendant WHRA MERGER SUB II, INC f/k/a WHR ARCHITECTS, INC. respectfully requests that the Court grant its Motion to Dismiss, dismiss the Amended Complaint with prejudice, and grant WHR such other and further relief, at law or in equity, to which WHR may itself be justly entitled.

RESPECTFULLY SUBMITTED this 12th day of January, 2018.

*/s/ Heather K. Hatfield*
Heather K. Hatfield
Texas State Bar No. 24050730
Southern District of Texas No. 641873
John R. Hawkins
Texas State Bar No. 09249150
Southern District of Texas No. 69594
Jamie L. Godsey
Texas State Bar No. 24097741
Southern District of Texas No. 2771744
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas  77002
Telephone: (713) 226-5710
Facsimile:  (713) 226-6310
Email: hhatfield@porterhedges.com
Email: jhawkins@porterhedges.com
Email: jgodsey@porterhedges.com

**ATTORNEYS FOR DEFENDANT**
**WHR MERGER SUB II, INC.**
**F/K/A WHR ARCHITECTS, INC.**

## <u>CERTIFICATE OF CONFERENCE</u>

On January 5-6, 2018, I conferred with Plaintiffs' counsel, Michael McCue, and advised that WHR would be filing a Motion to Dismiss the Complaint. Plaintiffs oppose this dispositive motion.

> */s/ Heather K. Hatfield*
> Heather K. Hatfield

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of January, 2018 a true and correct copy of the foregoing instrument was served via the Court's CM/ECF system on all known counsel of record who are deemed to have consented to electronic service.

> */s/ Heather K. Hatfield*
> Heather K. Hatfield

6462803v3