United States District Court
Southern District of Texas
**ENTERED**
September 05, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE UNIVERSITY OF TEXAS SYSTEM *and* THE UNIVERSITY OF HOUSTON SYSTEM, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-17-2588 |
| ALLIANTGROUP LP *and* WHRA MERGER SUB II INC. n/k/a WHRA ARCHITECTS INC., | § § § § § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendant WHRA Merger Sub II Inc.'s Motion to Dismiss the Second Amended Complaint with Prejudice (Document No. 113) and Defendant Alliantgroup LP's Motion to Dismiss the Second Amended Complaint and Motion for Summary Judgment (Document No. 114). Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted in part.

## I. BACKGROUND

This is a business dispute concerning the allocation of tax deductions. Plaintiffs the University of Texas System and the University of Houston System (collectively, "Plaintiffs") manage public educational institutions within Texas. Defendant WHRA Merger Sub II Inc. n/k/a WHR Architects Inc. ("WHRA")

provides architectural services and created architectural specifications for energy-efficient buildings (the "Buildings") constructed for Plaintiffs. Defendant Alliantgroup LP ("Alliant") provides tax-related services and allegedly rendered tax-related services in connection with the Buildings. Plaintiffs allege WHRA and Alliant (collectively, "Defendants") obtained certain tax deductions from Plaintiffs deceptively, fraudulently, and without providing compensation in return.

Based on the foregoing, on August 23, 2017, Plaintiffs filed this lawsuit against Defendants. On December 15, 2017, with the Court's leave, Plaintiffs filed an amended complaint. On August 17, 2018, after the Court denied without prejudice Defendants' motions to dismiss for failure to state a claim and allowed Plaintiffs to amend the complaint, Plaintiffs filed a second amended complaint. Plaintiffs bring claims against Defendants for declaratory judgment and unjust enrichment under Texas law. Additionally, Plaintiffs bring claims against only Alliant for fraud and misrepresentation under Texas law and for violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). On September 14, 2018, Defendants moved to dismiss Plaintiffs' claims.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs dismissal for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants move to dismiss Plaintiffs' claims for failure to state a claim. Alliant further contends the Court should dismiss the claims giving rise to federal jurisdiction—the claims for a declaratory judgment concerning federal preemption (the "Preemption Claim") and for violating RICO (the "RICO Claim")—and relinquish jurisdiction over the remaining Texas law claims. The Court addresses in

3

turn: (1) the Preemption Claim; (2) the RICO Claim; and (3) dismissal of the remaining Texas law claims.

A.   *The Preemption Claim*

Defendants move to dismiss the Preemption Claim for failure to state a claim, contending the Preemption Claim fails to sufficiently allege Texas law is preempted by federal law. Under the United States Constitution's Supremacy Clause, federal law is the "supreme law of the land." U.S. Const. art. VI, cl. 2. Federal law therefore preempts "any state law . . . which interferes with or is contrary to federal law[.]" *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 108 (1992) (citing U.S. Const. art. VI, cl. 2). There are "three distinct types" of preemption: conflict, express, and field. *United States v. Zadeh*, 820 F.3d 746, 751 (5th Cir. 2016). The Court applies a presumption against preemption unless Congress indicates otherwise. *Wyeth v. Levine*, 555 U.S. 555, 565 (2009). The party asserting preemption bears the burden of persuasion. *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011).

The Preemption Claim seeks the Court to declare:

> Texas Government Code § 447.004(b-3), to the extent it requires the Plaintiffs to allocate § 179D deductions,[1] is preempted by 26 U.S.C. § 179D, and the IRS Notices and Memoranda regarding §179D, in that those authorities make such allocations permissive, and not mandatory.[2]

---

[1] The Court assumes, without deciding, Texas Government Code § 447.004(b-3) requires Plaintiffs to allocate § 179D deductions.

[2] *Second Amended Complaint*, Document No. 101 at 20.

Defendants contend neither 26 U.S.C. § 179D nor the IRS Notices and Memoranda regarding § 179D preempt § 447.004(b-3). The Court addresses § 179D and the IRS Notices and Memoranda in turn.

*1.   § 179D*

Defendants contend § 179D does not preempt § 447.004(b-3). Plaintiffs contend § 179D preempts § 447.004(b-3) under the doctrines of conflict and field preemption.³ The Court addresses conflict and field preemption in turn.

*i.   Conflict Preemption*

Defendants contend § 179D does not preempt § 447.004(b-3) under conflict preemption. Under the doctrine of conflict preemption, state law is preempted when "it actually conflicts with federal law." *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990). Conflict preemption may take one of two forms: (1) compliance with both federal and state law is impossible (the "Impossibility Form"); or (2) state law presents an obstacle to federal law (the "Obstacle Form"). *Zadeh*, 820 F.3d at 751 (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). The Court addresses the Impossibility Form and the Obstacle Form in turn.

---

³ Plaintiffs concede Congress did not explicitly state its intent for § 179D to preempt state law. *Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss Second Amended Complaint, and Opposition to Defendant Alliantgroup LP's Motion for Partial Summary Judgment*, Document No. 119 at 35–36 n.13 [hereinafter *Plaintiffs' Response*]. The Court therefore need not address express preemption. *See Zadeh*, 820 F.3d at 751 (explaining express preemption does not apply unless Congress "explicitly state[s] its intent to preempt relevant state laws").

### a. *Impossibility Form*

Defendants contend compliance with both § 179D and § 447.004(b-3) is not impossible. Plaintiffs contend compliance with both § 179D and § 447.004(b-3) is impossible because § 179D permits an activity § 447.004(b-3) prohibits. A plaintiff satisfies the Impossibility Form by demonstrating it would be "physically impossible" to comply with both federal and state law. *Empacadora de Carnes de Fresnillo, S.A. de C.V. v. Curry*, 476 F.3d 326, 334 (5th Cir. 2007) (quoting *Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 336 (5th Cir. 2005)).

The relevant text of § 179D provides that, with regard to qualifying energy efficient commercial buildings on government properties, the Secretary of the Treasury (the "Secretary") "shall promulgate a regulation[4] to allow the allocation of the deduction to the person primarily responsible for designing the property in lieu of the owner of such property. Such person shall be treated as the taxpayer for purposes of this section." 26 U.S.C. § 179D(d)(4). The relevant text of § 447.004(b-3) provides that a "governmental entity may not disallow the allocation of federal deductions to eligible design professionals authorized by [§ 179D]." Tex. Gov't Code § 447.004(b-3). The Court finds § 179D addresses a delegation of authority to

---

[4] The parties agree the Secretary has not promulgated a regulation under § 179D. *Second Amended Complaint*, Document No. 101 at 7 n.1; *Defendant Alliantgroup LP's Motion to Dismiss the Second Amended Complaint and Motion for Summary Judgment*, Document No. 114 at 1 n.1.

the Secretary and § 447.004(b-3) addresses the allocation of certain federal deductions. The Court therefore finds § 179D and § 447.004(b-3) address different issues and compliance with both § 179D and § 447.004(b-3) is not physically impossible. Thus, Plaintiffs fail to satisfy the Impossibility Form.

      b.  *Obstacle Form*

Defendants contend § 447.004(b-3) does not present an obstacle to § 179D. Plaintiffs contend § 447.004(b-3) does present an obstacle to § 179D because § 179D permits an activity § 447.004(b-3) prohibits. A plaintiff satisfies the Obstacle Form by demonstrating state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Zadeh*, 820 F.3d at 751 (quoting *Hines*, 312 U.S. at 67).

As explained, under § 179D, Congress delegated authority to the Secretary to promulgate a certain regulation. 26 U.S.C. § 179D(d)(4). Under § 447.004(b-3), governmental entities may not disallow the allocation of certain federal deductions. Tex. Gov't Code § 447.004(b-3). The Court finds § 179D and § 447.004(b-3) address different issues. Having found § 179D and § 447.004(b-3) address different issues, the Court finds § 179D does not permit an activity § 447.004(b-3) prohibits and § 447.004(b-3) does not stand as an obstacle to the accomplishment and execution of Congress's purposes and objectives. Aside from contending § 179D permits an activity § 447.004(b-3) prohibits, Plaintiffs do not offer another

contention as to the Obstacle Form. Thus, Plaintiffs fail to satisfy the Obstacle Form. Because Plaintiffs satisfy neither the Impossibility Form nor the Obstacle Form, the Court finds Plaintiffs fail to demonstrate § 179D preempts § 447.004(b-3) under conflict preemption. The Court turns to field preemption.

    *ii.*  *Field Preemption*

Defendants contend § 179D does not preempt § 447.004(b-3) under field preemption. Plaintiffs contend § 179D does preempt § 447.004(b-3) under field preemption because § 179D arises in an area of law that Congress solely intended to occupy. Under the doctrine of field preemption, state law is preempted when it "regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *English*, 496 U.S. at 79. The Court will not find field preemption "unless plaintiffs show 'that complete ouster of state power including state power to promulgate laws not in conflict with federal laws was the clear and manifest purpose of Congress.'" *City of El Cenizo, Tex. v. Tex.*, 890 F.3d 164, 176 (5th Cir. 2018) (quoting *De Canas v. Bica*, 424 U.S. 351, 357 (1976)). Field preemption thus "requires a clear congressional intent." *Curry*, 476 F.3d at 334. Congress clearly demonstrated its intent for federal law to occupy exclusively the field of federal tax refund lawsuits. 26 U.S.C. § 7422(a); *Sigmon v. Sw. Airlines Co.*, 110 F.3d 1200, 1203 (5th Cir. 1997).

Plaintiffs state § 179D is comprehensive and governs issues pertaining to federal tax law. However, Plaintiffs do not point to any intent manifested by Congress similar to the clear intent manifested in § 7422(a). Plaintiffs fail to demonstrate Congress clearly demonstrated its intent for federal law to occupy exclusively the field of tax-deduction allocations pertaining to energy efficient commercial buildings on government properties. Further, Plaintiffs fail to demonstrate a complete ouster of state power was the clear and manifest purpose of Congress under § 179D. Thus, Plaintiffs fail to demonstrate § 179D preempts § 447.004(b-3) under field preemption. Having found Plaintiffs fail to demonstrate § 179D preempts § 447.004(b-3),[5] the Court turns to the IRS Notices and Memoranda.

2.  *IRS Notices and Memoranda*

Defendants contend the IRS Notices and Memoranda do not preempt § 447.004(b-3). Plaintiffs contend the IRS Notices and Memoranda do preempt § 447.004(b-3), identifying specifically IRS Notice 2008-40 (the "Notice").

---

[5] The Court notes Plaintiffs construe § 179D as if § 179D were not a delegation of authority to the Secretary and were instead a mechanism directly "allow[ing] government entities to allocate their § 179D deductions[.]" *Plaintiffs' Response, supra* note 3, at 36. Assuming, *arguendo*, Plaintiffs' construction of § 179D were correct, Plaintiffs would still fail to demonstrate § 179D preempts § 447.004(b-3) because Plaintiffs have not carried their burden to show that construction of § 179D satisfies the requirements of express, conflict, or field preemption. *See White Buffalo Ventures, LLC v. Univ. of Tex. at Austin*, 420 F.3d 366, 370 (5th Cir. 2005) ("Preemption radically alters the balance of state and federal authority, so the Supreme Court has historically refused to impose that alteration interstitially. The Court has expressed this principle as a presumption against preemption of state law.").

Preemption requires a federal rule with the force of law. *City of Morgan City v. S. La. Elec. Co-op. Ass'n*, 49 F.3d 1074, 1078 n.7 (5th Cir. 1995). An agency's interpretive rules—which do not carry the force of law—"are statements as to what an agency thinks [a] statute means." *Prof'ls & Patients for Customized Care v. Shalala*, 847 F. Supp. 1359, 1364 (S.D. Tex. 1994) (Hittner, J.). IRS Notices are interpretive rules and therefore do not carry the force of law. *Guilzon v. C.I.R.*, 985 F.2d 819, 822 (5th Cir. 1993). Nevertheless, "an agency's views about the impact of [state] law on federal objectives" may be entitled to deference in appropriate cases, even if those views do not carry the force of law. *Wyeth*, 555 U.S. at 576–77. The deference, if any, given to the agency's views "of state law's impact on the federal scheme depends on its thoroughness, consistency, and persuasiveness." *Id.* at 577.

Plaintiffs concede the Notice is an interpretive rule.[6] The Notice therefore does not carry the force of law. The Notice does not address, to any degree, the impact of state law on a federal objective.[7] The Court finds Plaintiffs fail to show the IRS Notices and Memoranda preempt § 447.004(b-3) or are entitled to deference

---

[6] *Plaintiffs' Response*, *supra* note 3, at 36.

[7] In addition to the Notice, in certain footnotes, Plaintiffs also cite IRS Notice 2006-52, IRS Notice 2012-26, and IRS Memorandum No. 201451028 (collectively, the "IRS Materials"). *Second Amended Complaint*, Document No. 101 at 7 n.1; *Plaintiffs' Response*, *supra* note 3, at 39 n.14. Plaintiffs do not offer a contention or an explanation as to the preemptive effect of the IRS Materials. Having reviewed the IRS Materials, the Notice, and the applicable law, the Court finds an analysis of the IRS Materials would mirror the analysis of the Notice. The Court therefore need not further address the IRS Materials.

on the issue of preemption. Having found Plaintiffs fail to show either § 179D or the IRS Notices and Memoranda preempt § 447.004(b-3), the Court finds the motions to dismiss should be granted as to the Preemption Claim. Accordingly, the motions to dismiss are granted as to the Preemption Claim.[8]

B.  *The RICO Claim*

Alliant moves to dismiss the RICO Claim, contending Plaintiffs fail to sufficiently allege Alliant caused Plaintiffs a legally cognizable injury. Plaintiffs contend they sufficiently allege Alliant caused Plaintiffs the lost opportunity to negotiate for adequate compensation in exchange for § 179D deductions. "RICO makes it unlawful for 'any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.' " *Allstate Ins. Co. v. Plambeck*, 802 F.3d 665, 673 (5th Cir. 2015) (quoting 18 U.S.C. § 1962(c)). RICO provides civil remedies to a plaintiff injured "by reason of" a RICO violation. 18 U.S.C. § 1964(c). The plaintiff must establish the RICO violation "was the but-for and proximate cause of the injury." *Plambeck*, 802 F.3d at 676. The injury must be

---

[8] Because the Court has twice granted Plaintiffs leave to amend, Plaintiffs have had three opportunities to properly state the Preemption Claim. The Court finds another opportunity to amend is inappropriate in this case and would not cure the defects. The Court therefore dismisses the Preemption Claim with prejudice. *Noe v. LPP Mortg. Ltd.*, No. CV H-11-3798, 2013 WL 12141260, at *3 (S.D. Tex. Mar. 29, 2013) (Hittner, J.) (explaining dismissal with prejudice is warranted when plaintiffs repeatedly fail to cure deficiencies).

11

"concrete, definite, and tangible[.]" *Fisher v. Halliburton*, No. CIV. A. H-05-1731, 2009 WL 5170280, at *5 (S.D. Tex. Dec. 17, 2009) (Miller, J.) (citing *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998)). The injury cannot be "too speculative[,]" for "speculative damages are not compensable under RICO." *In re Taxable Mun. Bond Sec. Litig.*, 51 F.3d 518, 523 (5th Cir. 1995). RICO does not protect "mere injur[ies] to a valuable intangible property interest" that do "not entail a calculation of present, actual damages." *Id.*

Plaintiffs allege Alliant caused Plaintiffs the lost opportunity to negotiate for adequate compensation in exchange for § 179D deductions. Plaintiffs do not allege facts showing they would have received adequate compensation in exchange for § 179D deductions absent Alliant's conduct. Plaintiffs do not allege facts showing they lost anything of value to Plaintiffs aside from the lost opportunity to negotiate.[9] Plaintiffs' allegations under RICO do not show they sustained a loss resulting in a calculation of present, actual damages. Plaintiffs fail to sufficiently allege a concrete, definite, and tangible injury under RICO. The Court finds Plaintiffs fail to sufficiently allege Alliant caused Plaintiffs a legally cognizable injury under RICO.

---

[9] The Court notes this case arises from the allocation of § 179D deductions. Plaintiffs concede § 179D deductions "have no value in themselves . . . [and instead] have value when they are used to offset taxable income." *Plaintiffs' Response, supra* note 3, at 71. It is undisputed Plaintiffs, as governmental entities, could not use § 179D deductions. 26 U.S.C. § 179D(d)(4). Plaintiffs' mere allocation of § 179D deductions is therefore not a legally cognizable injury under RICO in this case.

Thus, the RICO Claim should be dismissed. Accordingly, Alliant's motion to dismiss is granted as to the RICO Claim.[10]

C. *Dismissal*

Alliant contends the Court should relinquish jurisdiction over the remaining claims, all of which arise under Texas law. The "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011). The Court has "wide discretion" to relinquish jurisdiction over pendent state law claims once all federal claims have been dismissed. *See Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999). The Court should generally "relinquish jurisdiction 'when state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.' " *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). The Court, however, should carefully consider the propriety of dismissal when the case is on the eve of trial. *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 307 (5th Cir. 1991). If the Court finds dismissal is proper, dismissal "should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

---

[10] Like the Preemption Claim, the Court declines to grant another opportunity to amend and therefore dismisses the RICO Claim with prejudice. *See supra* note 8.

The claims giving rise to subject matter jurisdiction were the Preemption Claim and the RICO Claim. The Court dismissed the Preemption Claim and the RICO Claim. Only Texas law claims remain. These pendent Texas law claims raise issues of first impression under Texas law, including the Texas Constitution. Trial in this case has not been scheduled.[11] Having considered the terms of proof, the scope of the issues raised, the comprehensiveness of the remedy sought, and the procedural posture of the case, the Court finds it is appropriate to follow the general rule and relinquish jurisdiction over the remaining Texas law claims. Accordingly, the remaining Texas law claims are dismissed without prejudice.[12]

---

[11] The Court notes this case was initially scheduled for trial on the January/February 2019 trial term. However, the parties jointly moved, and the Court granted, a continuance of the trial date and certain trial-related deadlines pending a ruling on the dispositive motions. *Joint Motion for Extension of Time*, Document No. 140; *Order*, Document No. 143. This case has not been re-assigned a trial date.

[12] Defendants further contends the Court should: (1) dismiss the remaining declaratory judgment claims because Plaintiffs lack standing, the claims are unsupported by Texas law, and for lack of jurisdiction; and (2) dismiss the unjust enrichment claim because Plaintiffs fail to allege facts supporting recovery and unjust enrichment is not an available remedy or a distinct cause of action. Alliant further contends the Court should: (1) dismiss the RICO Claim because Plaintiffs fail to allege an enterprise and Alliant's participation in an enterprise; (2) dismiss the fraud claim because Plaintiffs fail to allege causation; (3) grant summary judgment in favor of Alliant on the RICO Claim because Plaintiffs fail to establish causation; and (4) grant summary judgment in favor of Alliant on the fraud claim because Plaintiffs fail to establish causation and reliance. In light of the Court's holding, the Court need not address these contentions.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that WHRA Merger Sub II Inc.'s Motion to Dismiss the Second Amended Complaint with Prejudice (Document No. 113) is **GRANTED IN PART**. The motion is granted as to dismissal with prejudice of the Preemption Claim and dismissal without prejudice of all remaining claims. The Court further

**ORDERS** that Defendant Alliantgroup LP's Motion to Dismiss the Second Amended Complaint and Motion for Summary Judgment (Document No. 114) is **GRANTED IN PART**. The motion is granted as to dismissal with prejudice of the Preemption Claim and the RICO Claim, as well as dismissal without prejudice of all remaining claims.

The Court will issue a separate final judgment.[13]

SIGNED at Houston, Texas, on this __5__ day of September, 2019.

DAVID HITTNER
United States District Judge

---

[13] Also pending before the Court are Plaintiffs' Motion for Summary Judgment Against WHRA (Document No. 129), Defendants' Motion to Exclude Expert Testimony of William Volker (Document No. 141), Defendants' Motion to Exclude Expert Testimony of Lori Raineri (Document No. 144), Defendants' Motion to Exclude Expert Testimony of Susan Hartman (Document No. 145), and WHRA's Cross-Motion for Summary Judgment (Document No. 147). In light of the Court's holding, these motions are denied as moot.